1  Allison Meshekow Holtzman, CA Bar No. 223574
   AHoltzman@LathropGage.com
2  Anthony Nguyen, CA Bar No. 259154
   ANguyen@LathropGage.com
3  LATHROP & GAGE LLP
   1888 Century Park East, Suite 1000
4  Los Angeles, California 90067-1623
   Telephone:   310.789.4600
5  Facsimile:    310.789.4685

6  Attorneys for Defendant
   HNTB CORPORATION
7



8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                                    SACV13-01861 AG (DFMx)

11  JOHN MERRILL, an individual,          Case No.

12              Plaintiff,               DEFENDANT'S NOTICE OF REMOVAL

13      v.                               [DIVERSITY, 28 U.S.C. §§ 1332(a)(1) AND
                                         1441]
14  HNTB CORPORATION, a California
    corporation; and DOES 1 - 50,        [Orange County Superior Court Case No. 30-
15                                        2013-00681855-CU-OE-CJC]
                Defendants.
16                                       [Filed concurrently with Certificate of
                                         Interested Parties, Civil Cover Sheet and
17                                        Disclosure Statement Pursuant to
                                          Fed.R.Civ.Proc. 7.1]
18
19                                        Complaint filed:    October 16, 2013

20        TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF

21  CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

22        PLEASE TAKE NOTICE that Defendant HNTB CORPORATION ("Defendant" or

23  "HNTB") (erroneously sued as California corporation) hereby removes the above-referenced

24  action from the Superior Court of the State of California for the County of Orange, to the United

25  States District Court for the Central District of California asserting original jurisdiction under 28

26  U.S.C. § 1332(a)(1) (Diversity), and removal jurisdiction under 28 U.S.C. § 1441, based on

27  diversity of citizen jurisdiction and states that removal is proper for the following reasons.

28  ///

                                              DEFENDANT'S NOTICE OF REMOVAL

Lathrop & Gage LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067-1623

**BACKGROUND**

1.  Plaintiff JOHN MERRILL ("Plaintiff" or "Merrill") filed this action against Defendant HNTB on October 16, 2013 in the Superior Court for the County of Orange, case entitled: *John Merrill v. HNTB Corporation*, Case No. 30-2013-00681855-CU-OE-CJC (the "Complaint"). A true and correct copy of the Summons and Complaint and Civil Case Cover Sheet in this action are attached hereto as Exhibit A. HNTB was served on October 29, 2013. A true and correct copy of the Notice of Service of Process is attached hereto as Exhibit B.

2.  In his Complaint, Plaintiff purports to allege on behalf of himself claims against HNTB for Disability Discrimination (First Cause of Action); Failure to Engage in the Interactive Process (Second Cause of Action); Failure to Provide Reasonable Accommodation (Third Cause of Action); Failure to Take All Reasonable Steps to Prevent Discrimination (Fourth Cause of Action); CFRA Violations (Fifth Cause of Action); Retaliation (Sixth Cause of Action); and Wrongful Termination in Violation of Public Policy (Seventh Cause of Action).

**DIVERSITY JURISDICTION**

This Court has original jurisdiction under 28 U.S.C. § 1332 and Defendants may remove it from state court to federal court pursuant to 28 U.S.C. § 1441 because it involves a controversy which exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), and is between citizens of different states.

**A.  Plaintiff's Citizenship**

3.  Plaintiff is domiciled in the State of California as a resident and citizen of the State of California. Exhibit A, Complaint ¶ 2.

**B.  Defendant's Citizenship**

4.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware, with its principal place of business in Missouri. Exhibit C, John Prutsman Declaration ("Prutsman Decl."), ¶ 3. Defendant's principal place of business is Kansas City, Missouri, under the "nerve center" test. *Hertz Corp. v. Friend* (2010) 130 S.Ct.

DEFENDANT'S NOTICE OF REMOVAL

1181, 1192. As Kansas City, Missouri is the site of Defendant's corporate headquarters and executive offices, where Defendant's high level officers direct, control, and coordinate the Company's activities, Defendant's "nerve center" is in Missouri. Exhibit C, Prutsman Decl., ¶ 4. Accordingly, Defendant is, and has been at all times since this action commenced, a citizen of the State of Missouri. Exhibit C, Prutsman Decl., ¶¶ 3-4. As a result, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen of the state of California for removal purposes.

**C.   Doe Defendants**

5.      Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.* (9th Cir. 1980) 615 F.2d 1209, 1213. Thus, the existence of Doe defendants one through fifty does not deprive this Court of jurisdiction.

**AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

6.      The amount in controversy in this action exceeds $75,000.00. The Complaint makes specific statements that the amount in controversy meets and exceeds the minimum $75,000.00 threshold of 23 U.S.C. § 1332(a) for removal purposes. Specifically, Plaintiff asserts in his Complaint that he is seeking, among other damages, "consequential damages, including damages for shame, humiliation, mental anguish and emotional distress in the amount of at least $500,000.00 caused by conduct of DEFENDANTS." Exhibit A, Complaint, ¶ 34.

**VENUE**

7.      Venue lies in the Central District of this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a). This action is being removed from the Superior Court of the State of California, County of Orange. *See* Exhibit A, Complaint. Defendant believes that this action should be removed to the United States District Court for the Central District of California.

**TIMELINESS OF REMOVAL**

8.      Plaintiff served Defendant on October 29, 2013. Exhibit B, Notice of Service of Process.

9.      This Notice of Removal is timely as it is filed within thirty (30) days of the

Lathrop & Gage LLP
1888 Century Park East, Suite 1000
Los Angeles, California  90067-1623

DEFENDANT'S NOTICE OF REMOVAL

1   purported service on Defendant of Plaintiff's Summons and Complaint.  28 U.S.C. § 1446(b);

2   *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 354; Fed.R.Civ.P 6(a).

3   <u>**NOTICE OF REMOVAL**</u>

4        10.    This Notice of Removal will be promptly served on Plaintiff and filed with the

5   Clerk of the Superior Court of the State of California in and for the County of Orange.

6        11.    In compliance with 28 U.S.C. § 1445(a), true and correct copies of all "process,

7   pleadings, and orders served" upon or by Defendant in this action are attached hereto as Exhibit

8   A.

9        WHEREFORE, Defendant requests that the above action pending before the Superior

10  Court of the State of California for the County of Orange be removed to the United States District

11  Court for the Central District of California.

12

13  Dated: November *27*, 2013            LATHROP & GAGE LLP

14

15                                      By:

16                                      Allison Meshekow Holtzman
                                        Anthony Nguyen

17                                      Attorneys for Defendant

18                                      HNTB CORPORATION

19

20

21

22

23

24

25

26

27

28

                                            - 4 -          DEFENDANT'S NOTICE OF REMOVAL

Lathrop & Gage LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067-1623

EXHIBIT "A"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**10/16/2013** at 08:18:20 AM
Clerk of the Superior Court
By Marlene Diaz, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HNTB CORPORATION, a California corporation and Does 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN MERRILL, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
Central Justice Center
700 Civic Center Drive West, Santa Ana, CA 92702-1994

CASE NUMBER:
30-2013-00681855-CU-OE-CJC

Judge Sheila Fell

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul A. Campbell    (Bar # 289409)
Hogie & Campbell , 13522 Newport Ave., Ste 201, Tustin, CA 92780

Fax No.: (714) 505-3495
Phone No.: (714) 508-6422

DATE: 10/16/2013    ALAN CARLSON, Clerk of the Court
*(Fecha)*    Clerk, by *Marlene Diaz*, Deputy
    *(Secretario)*    *(Adjunto)*

Marlene Diaz

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* HNTB Corporation, a California Corporation
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]    **SUMMONS**    Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

Exhibit A    Page 5

Stephen W. Hogie, SBN 178095
swhguard-court1@yahoo.com
Paul A. Campbell, SBN 289409
pccourt-1@yahoo.com
HOGIE & CAMPBELL
13522 Newport Avenue, Suite 201
Tustin, CA 92780
Telephone: (714) 508-6422

Attorneys for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

10/16/2013 at 08:18:29 AM

Clerk of the Superior Court
By Marlene Diaz, Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

| | |
|---|---|
| JOHN MERRILL, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> HNTB CORPORATION, a California corporation; and DOES 1 - 50 <br><br><br> Defendants. | Case No.: 30-2013-00681855-CU-OE-CJC <br><br> COMPLAINT FOR:   Judge Sheila Fell <br><br> 1) DISABILITY DISCRIMINATION (FEHA); <br><br> 2) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; <br><br> 3) FAILURE TO PROVIDE REASONABLE ACCOMMODATION; <br><br> 4) FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION; <br><br> 5) CFRA VIOLATIONS <br><br> 6) RETALIATION; AND <br><br> 7) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |

Plaintiff alleges:

GENERAL ALLEGATIONS

1.    This Court is the proper court and this action is properly filed in the County of ORANGE and in this judicial district because Defendants do business in the County of ORANGE, in the city of Santa Ana, where the incidents alleged occurred, where Plaintiff and Defendant entered into their employment contract, and because Defendants' obligations and liability arose there.

-1-

COMPLAINT

1  2.     Plaintiff, John Merrill ("MERRILL" or "PLAINTIFF") is a former employee of

2  Defendants and is a resident and citizen of the State of California.

3  3.     PLAINTIFF is informed and believes, and alleges, that HNTB CORPORATION is a

4  California corporation.

5  4.     PLAINTIFF John Merrill brings this action against, HNTB CORPORATION, a

6  California corporation, referred to as "HNTB"; and DOES 1-50, collectively referred to as

7  "DEFENDANTS," to recover among other things: interest, attorney's fees, penalties, costs,

8  expenses, wages, monetary compensation for; disability discrimination; failure to enter an

9  interactive process, failure to accommodate, failure to investigate, failure to take all reasonable

10  steps to prevent discrimination, terminating PLAINTIFF due to his perceived or actual disability;

11  CFRA violations; retaliation; punitive damages as to the FEHA causes of action due to

12  oppression and malice as this is not the first occasion of such conduct due to illegal policies and

13  procedures.

14  5.     At all relevant times alleged, DEFENDANTS employed PLAINTIFF.  In perpetrating

15  the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to and

16  in furtherance of a policy and practice of: discrimination in the workplace on the basis of

17  PLAINTIFF'S perceived or actual disability, failure to enter an interactive process, failure to

18  accommodate, failure to investigate, and failure to take all reasonable steps to prevent

19  discrimination, and CFRA violations, and retaliation.

20  6.     PLAINTIFF was hired by HNTB in 2009 as a Civil Traffic Engineer. PLAINTIFF most

21  recently worked as a Project Manager I-Engineering and was paid $54.64 per hour.

22  7.     PLAINTIFF is disabled as a result of a work related injury to his right arm, hand and

23  shoulder that took place on or about March 12, 2012 as a result of repetitive use of his arm.  On

24  May 11, 2012 Plaintiff reported shoulder strain and sought additional medical treatment.

25  8.     On May 23, 2012, PLAINTIFF was given work restrictions of no repetitive use of the

26  right arm.  He was also placed on modified activity at work and at home through June 15, 2012.

27  On June 1, 2012, Plaintiff saw his physician again and was given additional work limitations of

28  no keyboard or mouse use for more than 5 cumulative minutes per hour; and no writing more

-2-

COMPLAINT

1  than 5 minutes each hour; and stretch breaks of 5 minutes each hour. These limitations continued

2  through July 11, 2012. He was also ordered to limit the use of his right arm.

3  9.      On or about July 11, 2012 the work limitations changed to "work no more than 4 hour(s)

4  per workday; no writing/typing more than 20 minutes each hour and encourage the use of

5  alternate data entry such as dictation, PDA's, typing/phone while standing. Stretch breaks 5

6  minutes each hour." He was scheduled for a follow-up appointment on July 25, 2012.

7  10.     On or about July 25, 2012 the work limitations were continued. A follow-up appointment

8  was scheduled for August 10, 2012.

9  11.     On or about August 10, 2012 the work limitations were modified slightly. The 4 hour

10 work limitation remained however the following was modified: "no writing/typing more than 20

11 minutes each hour. Encourage use of alternate data entry such as dictation, PDA's, typing/phone

12 while standing cumulative up to 40 minutes before hour. Stretch breaks 5 minutes each hour. The

13 August 10 work limitations continued through November 6, 2012, with several follow-up visits

14 in between.

15 12.     On or about November 6, 2012 the August 10, 2012 work limitations were scheduled to

16 continue to November 11, 2012, with Plaintiff being released to work 4 hours per day on

17 November 12, 2012 without work restrictions.

18 13.     From May 2012 to November 11, 2012, Plaintiff was forced out on leave when HNTB

19 refused to provide accommodation in response to the above work limitations.  As each of the

20 foregoing medical changes took place, Plaintiff provided copies of the progress reports and

21 provided updates to HNTB. During this period of time Merrill was denied an ongoing and

22 continuous interactive process and reasonable accommodation.

23 14.     Plaintiff was released to work in November 2012 with accommodation of not working

24 more than 4 hours per day. He went back to work when his employer was no longer required to

25 make job task modifications.

26 15.     Starting in January 29 2013, Plaintiff was released to full duty.

27 16.     From April 18, 2013 through May 26, 2013, Plaintiff was approved to take CFRA leave

28 in connection with his Father's serious health condition [pancreatic cancer.] He passed away and

-3-

COMPLAINT

1    Plaintiff came back to work from the bereavement leave on June 3, 2013. Two days later he was

2    terminated and told that it was because of business necessity.  Plaintiff believes that this is a false

3    reason and that he was terminated because of his disability and assertion of his right to CFRA

4    leave.

5    17.    In March 2013 just prior to his leave he notified HNTB that he needed to have medical

6    tests done on his right arm, hand, shoulder because they were giving him problems again.

7    Plaintiff also believes that he was terminated because HNTB wanted to avoid its obligation to

8    provide him with accommodation of his disability in the future.

9    18.    PLAINTIFF was terminated on June 5, 2013, without any interactive process, attempt at

10   reasonable accommodation and in retaliation for asserting his right to CFRA protected leave.

11   19.    Defendant HNTB at all times alleged, employed over 50 employees.

12   20.    PLAINTIFF is informed, believes, and alleges that the HNTB had full knowledge of the

13   situation yet failed to investigate or remedy the; discrimination, harassment and retaliation, or

14   take immediate corrective action, after PLAINTIFF requested accommodation.

15   21.    PLAINTIFF is informed and believes, and alleges, that each and all of the acts and

16   omissions alleged were performed by, and/or attributable to, the DEFENDANTS named in each

17   cause of action, each acting as agents and/or employees, and or under the direction and control of

18   each of the other DEFENDANTS, and that said acts and failures to act were within the course

19   and scope of said agency, employment and/or direction and control. PLAINTIFF is informed and

20   believes, and alleges, that at all times material hereto DEFENDANTS were and are the agents of

21   each other.

22   22.    PLAINTIFF is informed and believes, and alleges that DEFENDANTS are

23   PLAINTIFF'S joint employers by virtue of joint enterprise.  PLAINTIFF performed services for

24   each and every Defendant, and to the mutual benefit of all DEFENDANTS, and all

25   DEFENDANTS share control of PLAINTIFF as employee, either directly or indirectly, and the

26   manner in which DEFENDANTS' business is conducted.

27   23.    PLAINTIFF is informed and believes, and alleges that there exists such a unity of interest

28   and ownership between HNTB, and DOES 1 through 50, and that the individuality and

-4-

COMPLAINT

1   separateness of DEFENDANTS has ceased to exist resulting in employer liability.

2   24.      PLAINTIFF is informed and believes, and alleges (unless otherwise alleged in this

3   Complaint), that at all relevant times herein, all DEFENDANTS were the agents, employees

4   and/or servants, masters or employers of the remaining DEFENDANTS, and in doing the things

5   hereinafter alleged, were acting within the course and scope of such agency or employment, and

6   with the approval and ratification of each of the other DEFENDANTS.

7   25.      PLAINTIFF is informed and believes, and alleges, that DOES 1 - 50 are the partners,

8   owners, shareholders, or managers of Defendant HNTB and were acting on behalf of HNTB or

9   as a joint employer in the payment of wages to PLAINTIFF.

10   26.      The true names and capacities, whether individual, corporate, associate, member, or

11   otherwise, of DOES 1 through 50 are unknown to PLAINTIFF, who therefore sues the DOE

12   DEFENDANTS by fictitious names.  PLAINTIFF will amend this complaint to show their true

13   names and capacities when they have been ascertained.

14                          PROCEDURAL BACKGROUND

15                  EXHAUSTION OF ADMINISTRATIVE REMEDIES

16   27.      On or about June 13, 2013, PLAINTIFF filed a complaint with DFEH alleging

17   discrimination, harassment, and retaliation.  On or about June 13, 2013, the DFEH issued

18   PLAINTIFF a right-to -sue notification, thereby exhausting administrative remedies.

19                          FIRST CAUSE OF ACTION

20            PHYSICAL DISABILITY DISCRIMINATION IN VIOLATION OF

21               THE FAIR EMPLOYMENT AND HOUSING ACT (FEHA)

22            AND GOVERNMENT CODE SECTIONS 12940 et seq. and 12926(j).

23   28.      PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth

24   herein, the allegations contained in paragraphs 1 through 27.  This cause of action is brought

25   against DEFENDANTS HNTB, and DOES 1-50.

26   29.      Pursuant to the Fair Employment and Housing Act, and Government Code Section

27   12940(a) it is unlawful "For an employer, because of the … physical disability… of any

28   person… *to discriminate against the person in compensation or in terms, conditions, or*

-5-

COMPLAINT

1 | *privileges of employment.*" Government Code Sections 12926(j) and 12926.1(b) further state that

2 | it is unlawful to discriminate against an employee because of an actual or perceived disability.

3 | 30.      PLAINTIFF is informed and believes that DEFENDANTS discriminated against him on

4 | the basis of a perceived or actual disability (right arm, hand, and shoulder) by taking adverse

5 | employment actions against him for asserting his legal right to request accommodation; by

6 | denying PLAINTIFF an interactive process; and terminating his employment.

7 | 31.      PLAINTIFF alleges that during his employment with DEFENDANTS, he and his doctor

8 | notified Defendant of his disability. PLAINTIFF'S disability affected his ability to lift, and work,

9 | both major life functions due to limitations. The limitations occurred because of the disability

10 | and resulted in the need for accommodation.  DEFENDANTS terminated PLAINTIFF either

11 | because he was disabled or perceived as disabled by officers, shareholders, and/or managing

12 | agents, despite his ability to work, and right to preferential placement given his disability.

13 | 32.      DEFENDANT'S disability discrimination as described in this Complaint violates the Fair

14 | Employment and Housing Act ("FEHA") as promulgated in Government Code Section 12940 *et.*

15 | *seq.* and other state statutes, including the California Constitution which prohibit discrimination

16 | in employment.

17 | 33.      DEFENDANTS knew of the discriminatory work environment and conduct against

18 | PLAINTIFF but did nothing to prevent, stop, or remedy the harassment and discrimination.

19 | 34.      As a direct and proximate result of DEFENDANT'S discrimination, PLAINTIFF has

20 | sustained and will continue to suffer damages in an amount within the jurisdiction of this court,

21 | the exact amount to be proven at trial. Such damages include:

22 |       a.   loss of salary and other valuable employment benefits;

23 |       b.   prejudgment interest and interest in the sum of damages at the legal rate; and

24 |       c.   other consequential damages, including damages for shame, humiliation, mental

25 | anguish and emotional distress in the amount of at least $500,000.00 caused by conduct of

26 | DEFENDANTS.

27 | 35.      In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit,

28 | pursuant to Government Code Section 12965 (b).

-6-

COMPLAINT

36.     Because the discriminatory acts against PLAINTIFF were carried out, authorized or ratified by DEFENDANTS' directors, shareholders, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to PLAINTIFF, as reflected by actions described earlier in this Complaint, PLAINTIFF seeks punitive damages against DEFENDANTS, in order to deter them from such and similar conduct in the future.  DEFENDANTS' willful violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

SECOND CAUSE OF ACTION

FAILURE TO ENTER AN INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE §12940 (n)

37.     PLAINTIFF hereby alleges and incorporates by reference, as though fully set forth here, the allegations contained in paragraphs 1 through 36.  This cause of action is brought against DEFENDANTS HNTB, and DOES 1-50.

38.     The actions of DEFENDANTS, as described in this Complaint, constitute failure to enter an interactive process. DEFENDANTS were an employer as defined and covered by FEHA employing more than five employees.  At all times alleged, PLAINTIFF was an employee of DEFENDANTS, otherwise qualified to perform the duties to which he was assigned.

39.     The disability discrimination by DEFENDANTS denied PLAINTIFF the opportunity to work in an environment without discriminatory treatment on the basis of his disability. DEFENDANTS had knowledge of PLAINTIFF'S disability and need for reasonable accommodations. Despite knowledge that a request to enter an interactive process existed DEFENDANTS refused to enter an interactive process.  PLAINTIFF'S conditions of employment were adversely altered, despite the reasonableness and simplicity of accommodations, resulting in termination.  Moreover, the discrimination impeded PLAINTIFF'S progress and the enjoyment of his employment with HNTB.  The discriminatory work environment existed on a continuing and ongoing basis from the moment PLAINTIFF requested an interactive process.  DEFENDANTS did not engage in an interactive process and violated Government Code §12940(n).  DEFENDANTS were determined to terminate PLAINTIFF for

-7-

COMPLAINT

1   requesting various reasonable accommodations.

2   40.   DEFENDANTS knew or should have known of the discriminatory work environment

3   and conduct against PLAINTIFF because of previous instances of similar discrimination by the

4   same managing agents, yet DEFENDANTS did nothing to prevent, stop, or correct the ongoing

5   discrimination.

6   41.   DEFENDANTS' failure to enter an interactive process as described in this Complaint

7   violates the Fair Employment and Housing Act as promulgated in Government Code Section

8   12940 et. seq. and other state statutes which prohibit discrimination and harassment in

9   employment, including the California Constitution.

10  42.   PLAINTIFF has exhausted his administrative remedies by timely filing charges for

11  failure to enter an interactive process with the Department of Fair Employment and Housing who

12  have issued PLAINTIFF a right to sue letter permitting him to file this lawsuit against

13  DEFENDANTS.

14  43.   As a direct and proximate result of DEFENDANT'S failure to enter an interactive

15  process, PLAINTIFF has sustained and will continue to suffer damages in an amount within the

16  jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

17        a.   loss of salary and other valuable employment benefits;

18        b.   prejudgment interest and interest in the sum of damages at the legal rate; and

19        c.   other consequential damages, including damages for shame, humiliation, mental

20  anguish and emotional distress in the amount of at least $500,000.00 caused by conduct of

21  DEFENDANTS

22  44.   In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit,

23  pursuant to Government Code Section 12965 (b).

24  45.   Because the wrongful acts against PLAINTIFF were carried out, authorized or ratified by

25  DEFENDANTS' directors, shareholders, officers and/or managing agents, acting with malice,

26  oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing

27  injury to PLAINTIFF, as reflected by actions described earlier in this Complaint, PLAINTIFF

28  seeks punitive damages against DEFENDANTS, in order to deter them from such and similar

1   conduct in the future. DEFENDANTS' willful violation of FEHA is a violation of a fundamental

2   public policy against discrimination and is therefore subject to punitive damages.

3                          THIRD CAUSE OF ACTION

4                   FAILURE TO ACCOMMODATE IN VIOLATION OF THE

5         FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE §12940(m)

6   46.     PLAINTIFF hereby alleges and incorporates by reference, as though fully set forth here,

7   the allegations contained in paragraphs 1 through 45. This cause of action is brought against

8   DEFENDANTS HNTB, and DOES 1-50.

9   47.     The actions of DEFENDANTS, as described in this Complaint, constitute failure to

10  provide reasonable accommodation due to PLAINTIFF'S termination of employment.

11  DEFENDANTS were an employer as defined and covered by FEHA employing more than five

12  employees. At all times alleged, PLAINTIFF was an employee of DEFENDANTS, otherwise

13  qualified to perform the duties to which he was assigned.

14  48.     The disability discrimination by DEFENDANTS denied PLAINTIFF accommodation,

15  whereby the conditions of his employment were adversely altered. Moreover, the discrimination

16  impeded PLAINTIFF'S progress and the enjoyment of his employment with HNTB. The

17  discriminatory work environment existed on a continuing and ongoing basis from the moment

18  PLAINTIFF'S accommodations were maliciously or oppressively refused. DEFENDANTS did

19  not engage in an interactive process and violated Government Code §12940(n) and therefore

20  failed to provide reasonable accommodation.

21  49.     DEFENDANTS knew or should have known of the discriminatory work environment

22  and conduct against PLAINTIFF because the same managing agents responsible for terminating

23  PLAINTIFF'S employment, have engaged in similar conduct against other employees for the

24  purpose of oppression or malice, and conscious disregard of recognized state laws despite the

25  probability of causing injury to employees.

26  50.     DEFENDANTS' failure to provide reasonable accommodation as described in this

27  Complaint violates the Fair Employment and Housing Act as promulgated in Government Code

28  Section 12940 et. seq. and other state statutes which prohibit discrimination and harassment in

-9-

COMPLAINT

1   employment, including the California Constitution.

2   51.     As a direct and proximate result of DEFENDANT'S failure to enter an interactive

3   process, PLAINTIFF has sustained and will continue to suffer damages in an amount within the

4   jurisdiction

5   of this court, the exact amount to be proven at trial. Such damages include:

6          a.   loss of salary and other valuable employment benefits;

7          b.   prejudgment interest and interest in the sum of damages at the legal rate; and

8          c.   other consequential damages, including damages for shame, humiliation, mental

9   anguish and emotional distress in the amount of at least $500,000.00 caused by conduct of

10  DEFENDANTS

11  52.     In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit,

12  pursuant to Government Code Section 12965 (b).

13  53.     Because the wrongful acts against PLAINTIFF were carried out, authorized or ratified by

14  DEFENDANTS' directors, shareholders, officers and/or managing agents, acting with malice,

15  oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing

16  injury to PLAINTIFF, as reflected by actions described earlier in this Complaint, PLAINTIFF

17  seeks punitive damages against DEFENDANTS, in order to deter them from such and similar

18  conduct in the future. DEFENDANTS' willful violation of FEHA is a violation of a fundamental

19  public policy against discrimination and is therefore subject to punitive damages.

20                         FOURTH CAUSE OF ACTION

21     FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION IN

22         VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

23                         GOVERNMENT CODE §12940(j)

24  54.     PLAINTIFF hereby alleges and incorporates by reference, as though fully set forth here,

25  the allegations contained in paragraphs 1 through 53.  This cause of action is brought against

26  DEFENDANTS HNTB, and DOES 1-50.

27  55.     DEFENDANTS are employers in the State of California, as defined in the California Fair

28  Employment and Housing Act ("FEHA"). HNTB's a managing agents, human resource

                                    -10-

                                  COMPLAINT

1 | personnel, officers, and/or supervisors at HNTB at the time PLAINTIFF was disabled as alleged

2 | in this complaint were not properly trained and failed to engage in the interactive process or

3 | provide reasonable accommodation as a result.

4 | 56.    DEFENDANTS failed to take all reasonable steps to prevent discrimination and

5 | retaliation before and/or after PLAINTIFF gave notice of his disability.  This failure is in

6 | violation of the California Fair Employment and Housing Act.

7 | 57.    As a direct and proximate result of DEFENDANTS' failure to take all reasonable steps to

8 | prevent discrimination retaliation as described in this complaint, PLAINTIFF has sustained and

9 | will suffer damages in an amount within the jurisdiction of this court, the exact amount to be

10 | proven at trial. Such damages include:

11 |     a.    loss of salary and other valuable employment benefits;

12 |     b.    prejudgment interest and interest on the sum of damages at the legal rate; and

13 |     c.    other consequential damages, including damages for shame, humiliation, mental

14 | anguish and emotional distress in the amount of at least $500,000.00 caused by the conduct of

15 | DEFENDANTS.

16 | 58.    In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit,

17 | pursuant to Government Code Section 12965 (b).

18 | 59.    Further, because the failure to take all reasonable steps to prevent discrimination, and

19 | harassment, and/or retaliation, was an omission committed by DEFENDANTS, including

20 | officers, shareholders, directors and/or managing agents of the company, who acted with malice,

21 | oppression or fraud, or were deliberate, willful and acted in conscious disregard of the

22 | probability of causing injury to PLAINTIFF by failing to act, PLAINTIFF seeks punitive

23 | damages against DEFENDANTS in order to deter them from such conduct and allowing such

24 | conduct in the future. DEFENDANTS' violation of FEHA is a violation of a fundamental public

25 | policy against discrimination and is therefore subject to punitive damages.

26 | ///

27 | ///

28 | ///

-11-

COMPLAINT

# FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT (CFRA) UNDER FAIR EMPLOYMENT HOUSING ACT (FEHA)

60. PLAINTIFF hereby alleges and incorporates by reference, as though fully set forth here, the allegations contained in paragraphs 1 through 59. This cause of action is brought against DEFENDANTS HNTB and DOES 1-50.

61. PLAINTIFF is informed and believes, and alleges that DEFENDANTS wrongfully terminated his employment in violation of California Family Rights Act "CFRA" guidelines. In order for PLAINTIFF to establish a violation of the anti-discrimination provision of the CFRA, Government Code § 12945.2(l), PLAINTIFF must prove (1) Defendant was an employer covered by the CFRA; (2) Plaintiff was eligible to take CFRA leave; (3) Plaintiff exercised his or her right to take leave for a qualifying purpose; and (4) he suffered an adverse employment action. See: *Dudley v. Department of Transportation* 90 Cal. App. 4th 255 at 261. PLAINTIFF meets this burden.

62. PLAINTIFF is informed and believes, and alleges that Defendant HNTB is a California Corporation and is a covered employer with a work force that exceeds 50 people.

63. PLAINTIFF was employed by DEFENDANTS for at least one-year prior to the time he attempted to take leave and worked at least 1,250 hours during the 12-month period. 2 CCR §7297.0(e).

64. PLAINTIFF'S leave of April 18, 2013 through May 26, 2013, was requested in connection with his father's serious health condition, which required the continual supervision of a physician and was certified and approved.

65. Despite DEFENDANT'S knowledge of PLAINTIFF'S father's medical condition, on or about June 5, 2013, DEFENDANTS terminated PLAINTIFF in retaliation as he had exercised his legal right to medical leave, and terminated PLAINTIFF'S employment, and discontinued various benefits of employment, all of this in violation of CFRA.

66. Based on the foregoing, DEFENDANTS' intentionally violated his legal rights as provided by CALIFORNIA FAMILY RIGHTS ACT (CFRA) under the FAIR EMPLOYMENT

-12-

COMPLAINT

1  HOUSING ACT (FEHA), and in doing so, PLAINTIFF has suffered and continues to suffer

2  general, consequential and special damages including but not limited to losses in earnings, back

3  pay, reinstatement and other employment benefits, as well as emotional distress, medical

4  expenses, punitive damages and attorney's fees, all to his damage in an amount of no less than

5  $250,000.00 according to proof but in excess of the jurisdiction of this Court.

6  67.    Further, because these acts committed by DEFENDANTS, including officers, directors

7  and/or managing agents of the company, who acted with malice, oppression or fraud, or were

8  deliberate, willful and acted in conscious disregard of the probability of causing injury to

9  PLAINTIFF, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them

10  from such conduct and allowing such conduct in the future. DEFENDANTS' violation of

11  CFRA/FEHA is a violation of a fundamental public policy against discrimination and is

12  therefore subject to punitive damages.

13  SIXTH CAUSE OF ACTION

14  RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

15  ("FEHA") GOVERNMENT CODE 12940(H)

16  68.    PLAINTIFF hereby alleges and incorporates by reference, as though fully set forth here,

17  the allegations contained in paragraphs 1 through 67. This cause of action is brought against

18  DEFENDANTS HNTB, and DOES 1-50.

19  69.    DEFENDANTS are employers in the State of California, as defined in the California Fair

20  Employment and Housing Act ("FEHA").

21  70.    DEFENDANTS retaliated against PLAINTIFF because PLAINTIFF'S assertion of his

22  legal right to oppose what he believed was disability discrimination and/or for requesting

23  accommodation. This retaliation is in violation of the California Fair Employment and Housing

24  Act.

25  71.    DEFENDANTS retaliated against PLAINTIFF by terminating his employment.

26  72.    As a direct and proximate result of DEFENDANTS' retaliation as described in this

27  Complaint, PLAINTIFF has sustained and will suffer damages in an amount within the

28  jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

-13-

COMPLAINT

a.   loss of salary and other valuable employment benefits;

b.   prejudgment interest and interest on the sum of damages at the legal rate; and

c.   other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress in the amount of at least $500,000.00 caused by the conduct of DEFENDANTS.

73.   In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit, pursuant to Government Code Section 12965 (b).

74.   Further, because the retaliatory acts were committed by DEFENDANTS, including officers, shareholders, directors and/or managing agents of the company, who acted with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to PLAINTIFF, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct and allowing such conduct in the future. DEFENDANTS' violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

SEVENTH CAUSE OF ACTION

WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

75.   PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth here, the allegations contained in paragraphs 1 through 74.  This cause of action is brought against DEFENDANTS HNTB and DOES 1-50.

76.   DEFENDANTS terminated PLAINTIFF on the basis of his perceived or actual disability, requesting accommodation and/or for reporting and opposing disability discrimination against himself and/or for asserting his right to CFRA leave to care for his father's serious health condition.

77.   DEFENDANTS' termination of PLAINTIFF'S employment violates the Fair Employment and Housing Act as set forth in Government Code §12940 et seq. which mandates that employees be free from harassment and discrimination based on a perceived or actual disability in the workplace.

///

-14-

COMPLAINT

78.     As a direct and proximate result of DEFENDANTS' unlawful conduct as described in this Complaint, PLAINTIFF has sustained and will suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

    a.  loss of salary and other valuable employment benefits;

    b.  prejudgment interest and interest on the sum of damages at the legal rate; and

    c.  other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress in the amount of at least $250,000.00 caused by the conduct of DEFENDANTS.

79.     Further, because the harassing and discriminatory acts were committed by DEFENDANTS, including officers, shareholders, directors and/or managing agents of the company, who acted with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to PLAINTIFF, seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future. DEFENDANTS' violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

**WHEREFORE** PLAINTIFF prays for judgment against DEFENDANTS as follows:

AS TO ALL CAUSES OF ACTION:

1.     For all actual, consequential and incidental financial losses, including but not limited to loss of earnings and employment benefits, together with prejudgment interest, according to proof;

2.     For all compensatory and general damages in an amount according to proof;

3.     For all unpaid wages and penalties;

4.     For reasonable attorney's fees according to statute;

5.     For punitive damages;

6.     For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

7.     For a finding that "HNTB" is, and was a shell or conduit for the personal and business affairs of DOES 1 – 50, and is, and was the alter egos of DOES 1 – 50. The corporate existence

-15-

COMPLAINT

1   of HNTB and DOES 1 – 50 shall be disregarded in equity and for the ends of justice because

2   such disregard is necessary to avoid fraud and injustice to PLAINTIFF.

3   8.      For costs of suit incurred herein; and

4   9.      For such other and further relief as the court may deem appropriate.

5   DATED: October 16, 2013              HOGIE & CAMPBELL

6

7                                        By: _____

8                                           Stephen W. Hogie
                                            Paul A. Campbell
9                                           Attorneys for John Merrill, Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Paul A. Campbell     (Bar # 289409)<br>Hogie & Campbell<br>13522 Newport Ave., Ste 201<br>Tustin, CA 92780<br>  TELEPHONE NO.: (714) 508-6422     FAX NO.: (714) 505-3495<br>ATTORNEY FOR *(Name)*: John Merrill, Plaintiff | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**10/16/2013 at 08:18:29 AM**<br>Clerk of the Superior Court<br>By Marlene Diaz, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
  STREET ADDRESS: **700 Civic Center Drive West**
  MAILING ADDRESS: **P.O. Box 1994**
  CITY AND ZIP CODE: **Santa Ana 92702-1994**
  BRANCH NAME: **Central Justice Center**

CASE NAME:
  Merrill v. HNTB Corporation, a California corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | 3D-2013-00681855-CU-OE-CJC |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | Judge Sheila Fell<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) |      condemnation (14) |      above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) |      types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[X] punitive
4. Number of causes of action *(specify)*: SEVEN (7)
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 16, 2013

Paul A. Campbell
(TYPE OR PRINT NAME)                                      ▶ _____
                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>*LexisNexis® Automated California Judicial Council Forms* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

Marin Dean
ESSENTIAL FORMS™
**CIVIL CASE COVER SHEET**

Exhibit A                                     Page 23

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. January 2010)                                         Page 2 of 4

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|

Telephone No.:                                        Fax No. (Optional):
E-Mail Address (Optional):
ATTORNEY FOR *(Name)*:                                Bar No.:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
**JUSTICE CENTER:**
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251.
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

**PLAINTIFF/PETITIONER:**

**DEFENDANT/RESPONDENT:**

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
          ☐ Under section 1141.11 of the Code of Civil Procedure
          ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____       _____     _____
                           (SIGNATURE OF PLAINTIFF OR ATTORNEY)   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____       _____     _____
                           (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                    California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>**JUSTICE CENTER:**<br>☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500 | |
| **PLAINTIFF/PETITIONER:**<br><br>**DEFENDANT/RESPONDENT:** | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>**NEUTRAL SELECTION AND PARTY LIST**<br>☐ Arbitration  ☐ Mediation  ☐ Neutral Evaluation | **CASE NUMBER:** |

**(ATTACH THIS FORM TO FORM L-1270, ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**STIPULATION, AND FILE IT WITH THE COURT.)**

### ADR NEUTRAL SELECTION

For Arbitration, parties may select a Neutral and Alternate or may have a Neutral randomly assigned from the Court's Panel. For Mediation and Neutral Evaluation, parties must select a Neutral and an Alternate below.

☐ For Arbitration, please check this box to have an arbitrator assigned at random.

The parties select the following Neutral and Alternate from the Court ADR Panel:

Neutral: _____

Alternate: _____

The above named Neutral will be notified by a Notice of Assignment of ADR Neutral that he or she has been selected as the neutral in this proceeding. In the event the neutral does not accept the assignment, a new Notice of Assignment of ADR Neutral will be sent to the above named Alternate. The assignment of the Alternate to serve as the Neutral does not extend the time to complete the ADR process.

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**NEUTRAL SELECTION AND PARTY LIST**

| Short Title: | Case Number: |
|---|---|
| | |

## PARTY LIST
### (Including Affiliates)

The parties agree that the ADR Session may be conducted on one of the following dates:

1._____  2._____  3._____  4._____

---

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____Fax_____

Attorney for:_____

---

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____Fax_____

Attorney for:_____

---

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____Fax_____

Attorney for:_____

---

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____Fax_____

Attorney for:_____

---

This Party List must also include the full names, addresses, and phone numbers of corporate parties' parent and subsidiary corporations, and of all insurance carriers.   Counsel must immediately notify the neutral upon discovery if any attorney or self-represented party is not listed on this Party List Form.

☐ Attach additional copies of this page if necessary to include additional parties, affiliated entities or insurance carriers.

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## NEUTRAL SELECTION AND PARTY LIST

Adopted for Mandatory Use
L2748 (New February 2008)

www.occourts.org

Exhibit A

Page 30

EXHIBIT "B"



**NATIONAL CORPORATE RESEARCH, LTD.**
The Right Response at the Right Time, Every Time.

**Notice of Service of Process**

SP335424
Page 1 of 1

Dover, DE • Los Angeles • Sacramento • Springfield, IL • Albany • New York

615 South DuPont Highway, Dover, Delaware 19901
(302) 734-1450  Toll Free (800) 483-1140
Fax (800) 253-5177  Email: statrep@nationalcorp.com

**DATE:**   October 30, 2013

**TO:**   Chuck Giddings
HNTB Companies
715 Kirk Drive
Kansas City, MO 64105

**RE:**   SERVICE OF PROCESS:
**HNTB CORPORATION**

**SENT VIA:**
☑ Email
☑ Federal Express
☐ Fascimile Transmission
☐ Other:
Tracking Number:
   797037686917

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The enclosed Service of Process was received by the statutory agent in: **California**

on the date of: **October 29, 2013**

received via: **Personal Service**

TITLE OF ACTION:   Merrill, John  vs. HNTB Corporation, a California corporation and Does 1-50 Party Served  HNTB CORPORATION

COURT AND CASE NO:   Superior Court Of Caifornia, County Of Orange

Case No.   30-2013-00681855-CU-0E-CJC
Disability Discrimination

RESPONSE REQUIRED BY:   30  days of receipt

NOTE:

Sincerely,

Andrew Lundgren, Manager - Registered Agent Services

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Please sign, date and return the attached confirmation receipt using the enclosed addressed envelope, via fax (800-253-5177) or via e-mail (statrep@nationalcorp.com).**
Please carefully review the document referenced above to confirm all information, including the Response Date, for accuracy. The information noted above is provided based on our review and is not a legal opinion.
**PLEASE CONSULT THE SERVICES OF A COMPETENT PROFESSIONAL ATTORNEY.**

EXHIBIT "C"

## DECLARATION OF JOHN PRUTSMAN

I, John Prutsman, declare as follows:

1.    I am over 18 years of age and competent to testify in this matter. Unless otherwise stated I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2.    I am currently employed by HNTB Corporation ("HNTB") as the President, Business Services. In such a capacity, I am familiar with HNTB's corporate structure, operations and place of incorporation.

3.    HNTB is now, and ever since this action commenced, has been, incorporated under the laws of the State of Delaware, with its principal place of business in Missouri.

4.    HNTB's corporate headquarters are located in Kansas City, Missouri, where HNTB's high level officers direct, control, and coordinate HNTB's activities. HNTB's executive operations are managed from this location, including but not limited to, those operations related to administering company-wide policies and procedures, legal affairs, and general business operations.

I declare under penalty of perjury and under the laws of the State of California, State of Missouri, and the United States of America that the foregoing is true and correct.

Executed this ___26___ day of November, 2013 at Kansas City, Missouri.

John Prutsman

# CERTIFICATE OF SERVICE

### *John Merrill v. HNTB Corporation*
### USDC Central District of California

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years, and not a party to the within action.  My business address is Lathrop & Gage LLP, 1888 Century Park East, Suite 1000, Los Angeles, California 90067-1623.

On November 27, 2013, I served the within document(s) on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as shown on the attached service list by the following means of service:

## DEFENDANT'S NOTICE OF REMOVAL

☒ **BY MAIL** – I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC TRANSMISSION** – Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the electronic notification address(es) listed below.

☐ **BY PERSONAL SERVICE** – I caused such envelope to be delivered to the person(s) at the address(es) set forth below and provided them to a professional messenger service for service.

☐ **BY OVERNIGHT DELIVERY** – I deposited such envelope for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices.  I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express.  They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

☐ **BY FACSIMILE** - I faxed said document, to the office(s of the addressee(s) shown below, and the transmission was reported as complete and without error.

*Stephen W. Hogie*
*Paul A. Campbell*
*HOGIE & CAMPBELL*
*13522 Newport Avenue, Suite 201*
*Tustin, CA 92780*
*Tel: (714) 508-6422*
*swhguard-court1@yahoo.com*
*pccourt-1@yahoo.com*

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 27, 2013, at Los Angeles, California.

*Aida Turner*

Aida Turner

Lathrop & Gage LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067-1623

- 2 -

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Andrew J. Guilford_____ and the assigned Magistrate Judge is _____Douglas F. McCormick_____ .

The case number on all documents filed with the Court should read as follows:

## SACV13-1861-AG(DFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

November 27, 2013
_____
Date

By  C. Sawyer
_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

JOHN MERRILL

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

HNTB CORPORATION

**(b) County of Residence of First Listed Plaintiff** _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Stephen W. Hogle, HOGLE & CAMPBELL, 13522 Newport Ave., Suite 201, Tustin, CA 92780 (714) 508-6422

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Anthony Nguyen, Lathrop & Gage LLP, 1888 Century Park East, Suite 1000, Los Angeles, CA 90067 (310) 789-4600

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ at least $250,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Ca. Gov. Secs. 12940 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☒ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

CV13-01861

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (11/13)       CIVIL COVER SHEET       Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes  [ ] No<br><br>If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [X] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| [ ] Yes  [X] No<br><br>If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [X] | [ ] | [ ] | [ ] |

| C.1. Is either of the following true?  If so, check the one that applies: | C.2. Is either of the following true?  If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C | [ ] 2 or more answers in Column D |
| [X] only 1 answer in Column C and no answers in Column D | [ ] only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right.  ➡ | Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below.  ➡ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | Southern |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   _[signature]_   DATE: _11/27/13_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |